ROYAL GRANT, Respondent, *v.* LOBLAW GROCETERIAS, INC., Appellant.

Third Department, November 10, 1948.

*Edmund FitzGerald* and *Edmund L. Shea,* attorneys (*Edmund L. Shea* of counsel), for appellant.

*William B. O'Connell,* attorney (*Robert C. McEwen* of counsel), for respondent.

*Per Curiam.* Defendant appeals from a judgment in favor of the plaintiff for the sum of $1,093.56, entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The complaint alleged that defendant sold a food preparation known as macaroni salad which was unfit for human consumption, and that plaintiff became ill and disabled from eating the same.

There was medical proof on the trial that plaintiff suffered from food poisoning but no medical testimony to connect the plaintiff's illness with the macaroni salad which he ate. Nor was there any competent proof to show that the salad sold by defendant was unfit for human consumption. A health officer, called by the plaintiff, testified that he had seized a portion of the salad for examination and forbade any sale of the remainder. But he made only a casual examination, and he did not say that the salad was unfit for human consumption; in fact he said it had the appearance of being of very good quality. In a letter, later written to the defendant, he stated that to all appearances the salad was of good quality and fit for human consumption. He also stated in the letter that it was impossible to attribute certain intestinal conditions to any one kind of food. This letter was excluded upon plaintiff's objection. The doctor was also asked upon cross-examination if he made a report that the salad appeared to be of good quality and fit for human consumption, to which the plaintiff objected and the objection was sustained although his affirmative answer came in and was not stricken out.

In view of the fact that plaintiff had called the health officer solely for the purpose of showing that he had forbidden any

further sale of the food in question in order to create the inference that the food was bad we think the cross-examination of the latter was unduly restricted.

In submitting the case to the jury the court left to them to determine whether plaintiff had suffered a permanent injury. There was no competent proof to sustain such a claim.

The judgment and order should be reversed, on the law and the facts, and a new trial granted with costs to appellant.

HEFFERNAN, BREWSTER, FOSTER and DEYO, JJ., concur; HILL, P. J., concurs but would favor a dismissal of the complaint for failure to establish any facts which sustains the verdict.

Judgment and order reversed, on the law and facts, and a new trial granted with costs and disbursements to the defendant-appellant.